No. 19,256.

DARLENE MCCRAY *v*. CITY AND COUNTY OF DENVER.
(354 P. [2d] 585)

Decided August 15, 1960.

1

Mr. Rollie R. Rogers, Mr. Lew E. McClain, Mr. Francis W. Brown, for plaintiff in error.

Mr. Donald E. Kelley, Mr. James P. McGruder, for defendant in error.

*En Banc.*

Mr. Chief Justice Sutton delivered the opinion of the Court.

Plaintiff in error was defendant in the trial court, and will be referred to as she there appeared. The only question presented is whether her motion to dismiss a charge of *wearing* a concealed weapon in violation of the Municipal Ordinances of the City and County of Denver should have been granted. We conclude that it should.

The evidence, viewed in the light most favorable to the City, discloses that on June 12, 1958, the defendant was seen by police officers on Larimer Street in Denver, Colorado. When first seen she was holding a pistol in her hand, pointing it in the direction of a group of people down the street. Upon becoming aware of the approaching officers she proceeded to a parking lot and threw the weapon into an automobile that was parked there.

Subsequently, she was arrested, charged with, and convicted in the Municipal Court of the City and County of Denver of four violations of Denver Municipal Ordinances. Upon appeal to the Superior Court there was a trial de novo to the court, which granted motions to dismiss all charges except the charge of violation of Section 846.1-1 of said ordinances, said motions having been made at the close of the City's case. The court refused, however, to dismiss the latter charge, whereupon de-

fendant elected to stand upon her motion to dismiss. The court made findings of fact and found her guilty of "carrying a concealed weapon."

The ordinance in question reads as follows:

"846 — REGULATION PERTAINING TO WEAPONS, MISSILES, AND BURGLAR TOOLS.

".1. *Unlawful to Carry Concealed Weapons: Forfeiture of Concealed Weapons.*

".1-1. It shall be unlawful for any person to wear under his clothes, or concealed about his person, or to display in a threatening manner or to flourish, any dangerous or deadly weapon * * *."

In holding the defendant guilty the court made the following findings:

" * * * I might explain that in view of counsel's Motion to Dismiss, the Court feels that the Defendant, although she had this weapon in open view at the time that it was first seen, attempted to conceal the same after the officer gave chase. As a consequence, the Court feels that it constitutes a concealed weapon. * * *

"By virtue of the Defendant's attempting to rid herself of this weapon, she was attempting to conceal it from herself and also conceal it from the police officers, and as a consequence the Court finds the Defendant guilty of carrying a concealed weapon.

"Let's get down to seriousness. To me there is nothing more serious than having a weapon in circumstances where there is an emotional strain, and that is what this girl is guilty of."

Defendant asserts two alleged errors, only one of which we here consider, for its determination is sufficient to dispose of the case. In substance, it is urged that the facts above set forth cannot, as a matter of law, constitute the defendant "guilty of carrying a concealed weapon" as found by the court. We agree that the trial court misconceived the legal significance of the terminology "wear under his clothes, or concealed about his person * * *, any dangerous or deadly weapon."

4

■ The only indication of any concealment to be found in the record is the testimony of the City's witnesses that the defendant attempted to dispose of the weapon by throwing it into a parked automobile. Such other evidence as was presented is to the effect that at all times she had the weapon in her possession *it was* carried in her hands in plain view of all concerned.

■ The gist of the offense charged is not the carrying or wearing of a deadly weapon, nor the attempt to conceal such a weapon, nor is it "having a deadly weapon in circumstances where there is emotional strain." It is, rather, the wearing of the weapon in such a manner as to be concealed, either about the person or under the clothes. There is here no evidence that the defendant was guilty of such concealment. See *People v. Beason* (1951), 342 Ill. App. 621, 97 N.E. (2d) 603; *Lee v. State* (1932), 45 Ga. App. 521, 165 S.E. 317; and *Williams v. Commonwealth* (Ky. 1896), 37 S.W. 680, for cases in other jurisdictions holding similar evidence insufficient to support convictions of carrying concealed weapons.

Nor are we able to accept the City's contention that "even if the weapon was not concealed the conviction should be affirmed because the subject ordinance prohibits the carrying of a weapon in a threatening manner." The defendant was not so charged so could not be so convicted.

The judgment is reversed.