No. 20,244.

PUEBLO *v.* FLOYD E. SANDERS.

(376 P. [2d] 996)

Decided December 17, 1962.

Mr. GORDON D. HINDS, Mr. JOHN R. NAYLOR II, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

SANDERS was charged and convicted in the municipal court of Pueblo with violating the following municipal ordinance:

"It shall be unlawful for any person, within the limits of the city, to carry concealed upon his person any

pistol, bowie knife, dagger or other deadly weapon. This section shall not be construed to apply to any sheriff, constable, city marshal, policeman, or other officer authorized by law or ordinance to make arrests."

Sanders perfected an appeal to the county court of Pueblo County, where upon trial de novo a jury returned a verdict of not guilty. Over objections interposed by Pueblo the following instructions, inter alia, were read to the jury:

"*Instruction No. 7.* You are further instructed that the statutes of the State of Colorado provide as follows:

"*What Constitutes a Crime* — A crime or misdemeanor consists in a violation of a public law in the commission of which there shall be a union or joint operation of act, intention or criminal negligence.

"*Instruction No. 8.* The Court instructs the Jury that intent is a necessary part of every crime, but you are further instructed that intent may be inferred from all the facts and circumstances shown in evidence and need not be proved by direct evidence.

"*Instruction No. 9.* If you find that the defendant was carrying the weapon as an article of merchandise, without any intention to use it as a weapon, he is not guilty."

By writ of error Pueblo seeks disapproval of the giving of these instructions. In its brief Pueblo states that "we will treat a prosecution for an ordinance violation in all respects the same as though it were a prosecution for a violation of a criminal statute." There is no appearance for Sanders in this Court.

The matter being in this posture, we now hold that instructions numbered seven and eight are not subject to challenge, though the instruction numbered nine is disapproved.

See 43 A.L.R. 2nd, pp. 518 and 519, where it is said:

"The offense of carrying a concealed weapon forms no exception to the general rule that to constitute a crime there must be a criminal intent . . . . In trials for the offense of carrying a concealed weapon, it should be

borne in mind that *the guilty intent is the intent to carry the weapon concealed, and does not depend upon the intent to use it.*" (Emphasis supplied.)

Also, in 56 Am. Jur., pp. 998 and 999, appears the following:

"In other jurisdictions the courts hold that the intent of one accused of carrying a concealed weapon is immaterial, and that if he has a weapon concealed on his person contrary to the statute he is guilty of the crime denounced thereby, regardless of the purpose for which he carried the weapon. In support of this rule it has been held that *the guilty intent is the intent to carry the weapon concealed, and does not depend on the intent to use it,* and that the object of the statute is not to forbid the carrying of a deadly weapon for use, but to prevent the opportunity and temptation to use it arising from its concealment." (Emphasis supplied.)

Finally, in *McCray v. Denver,* 144 Colo. 1, 354 P. (2d) 585, we declared:

"The gist of the offense charged is not the carrying or wearing of a deadly weapon, nor the attempt to conceal such a weapon, nor is it 'having a deadly weapon in circumstances where there is emotional strain.' It is, rather, the wearing of the weapon in such a manner as to be *concealed,* either about the person or under the clothes." (Emphasis supplied.)

Judgment disapproved.

Mr. Justice Hall dissents.