Opinion by
Mr. Chief Justice Sutton.
Anthony Benjamin DeHerrera was charged by information with a violation of C.R.S. ’53, 40-11-11, as amended April 27, 1963, as having unlawfully and felo *97 niously carried upon Ms person a concealed deadly weapon, to wit: a gun, the defendant havmg been convicted previously of aggravated robbery within the immediate preceding ten years. Trial was to the court, a jury trial having been expressly waived.
Following a plea of not guilty and the presentation of considerable evidence, DeHerrera was found guilty and sentenced to a term of not less than three nor more than ten years in the state penitentiary. Defendant was represented by appomted counsel in the trial court and is represented by different appointed counsel on this writ of error.
The sole ground urged for reversal of the judgment is that, “As a matter of law, the evidence fails to support a finding of guilty as applied to this defendant.”
Admittedly, there was a conflict in the evidence. For example, Detective Keith Rummerfield testified that on the evening of the arrest in 1963 he entered a Larimer Street tavern in Denver, accompanied by another officer; that almost immediately he saw the defendant come towards him with a woman companion from a dance area in the rear of the establishment; that he recognized the defendant; that Rummerfield stopped at the bar to observe DeHerrera; that the couple walked by him and when defendant was fifteen or twenty feet past, Rummerfield saw him put his right hand in his right hand suit pocket and extract an object from it; that as defendant did so, he passed one Vigil and whispered something to him; that he handed Vigil the object which the latter placed in his own pocket. Immediately thereafter, Rummerfield approached Vigil who promptly sat down M a booth. The detective then saw Vigil remove the. object from his pocket and place it on the wooden seat of the booth. As Vigil drew his hand away, Rummerfield observed that the object was a .22 automatic pistol which later turned out to be loaded. Thereafter the gun was seized and the arrest of DeHerrera followed.
*98 The gist of the defense testimony was that Vigil had the gun from the start and playfully pointed it at DeHerrera as he walked by and thereafter returned it to his own pocket.
The emphasis in this writ of error is on the fact that Rummerfield stated that he could not see the pistol in defendant’s pocket and therefore, it is argued, he could not know it was concealed. The proposition is a rhetorical one: for if an object is concealed, obviously it cannot be seen. We hold that concealment was prima facie established under the recited facts, especially, when Rummerfield testified that he could not see any part of the weapon prior to its removal from the defendant’s pocket. Compare: Pueblo v. Sanders, 151 Colo. 216, 376 P.2d 996 (1962), and McCray v. People, 144 Colo. 1, 354 P.2d 585 (1960).
It is urged that there was a lack of proof that the gun was concealed, since Rummerfield stated that from where he was standing, just before the gun was removed by DeHerrera, he was able to see only a part of the defendant’s coat pocket. A perusal of the testimony in this regard, however, leaves no doubt that Rummer-field had a view of the entire pocket as the defendant approached and passed him, and Rummerfield did not see the gun at that time. The testimony upon which Vigil relies related only to that moment when the defendant placed his hand in his pocket to remove the weapon. It raised no doubts about the concealed nature of the gun up to that time.
There being ample evidence in the record to sustain the conviction, the judgment is affirmed.
Mr. Justice Pringle and Mr. Justice Schauer concur.