No. 23610.

JOHN ERNEST GARCIA *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(472 P.2d 169)

Decided August 4, 1970.

330

LEVI MARTINEZ, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

JOHN ERNEST GARCIA, plaintiff in error, was shot by one Esther L. Frank when he attempted to make an unannounced and unauthorized entry into her home at 10:00 o'clock on the evening of March 15, 1967. He was arrested and charged with an attempt to wilfully and forcibly break and enter into the dwelling house of Esther Frank with intent to steal. Trial was to the court. Garcia did not cross-examine the witnesses for the People and neither took the stand nor presented any witness in his defense. At the close of the trial he was found guilty as charged by the court.

Garcia now contends that the People presented no direct evidence that he had the intent to steal at the time he attempted to enter the Frank home, and that the state therefore failed to prove his intent. We do not agree and we affirm the conviction.

 Intent to steal, is of course, an essential element of the proof of the charge made here. Intent is a state of mind existing at the time a person commits an offense. That intent is not, however, required to be proved by direct substantive evidence, for to do so would make it impossible to convict in any case where there was not a culmination of the intent. So we have said, and the uniform rule is, that the mind of an alleged offender may be read from his acts, his conduct and the reasonable inferences which may be drawn from the circumstances of the case. See *Pueblo v. Sanders,* 151 Colo. 216, 376 P.2d 996. The general rule which we find to be supported by reason and logic is that where one breaks and enters into the property of another in the night time, an inference may be drawn that he did so with the intent to commit larceny. *State v. Allnutt,* 261 Ia. 897, 156 N.W.2d 266; *State v. Woodruff,* 208 Ia. 236, 225 N.W. 254; *State v. Gatewood,* 169 Kan. 679, 221 P.2d 392, where excellent discussions of the reason behind this rule appear.

██ The reasonable mind recognizes that people do not usually break and enter the dwelling house of others in the night time with innocent intent and that the most

usual intent is to steal. When a trier of the facts draws reasonable inferences from the evidence before it a defendant cannot successfully complain to this court that the trier of the fact has drawn those inferences. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633.

## II.

The defendant also argues that to permit inferences of larceny to be drawn from the evidence of breaking and entering requires the defendant to testify contrary to his Fifth Amendment privilege against self-incrimination. We find no merit in this contention. The defendant's right to remain silent does not mean that the People must prove their case by direct evidence. We have consistently upheld the right of the trier of the fact to draw inferences of guilt on the basis of circumstantial evidence. *Mathis v. People, supra.* The defendant's right to remain silent places the burden on the People to prove the case against him by evidence other than his account of the transaction in question. But the privilege against self-incrimination in no way limits the right of the trier of the fact to draw reasonable inferences from the People's evidence. The compulsion to testify, of which the defendant complains, is nothing more than that faced by any defendant threatened with conviction through either direct or circumstantial evidence of his guilt.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.