**The PEOPLE of the State of Colorado, ex rel. RUSSEL, Petitioner,**

v.

**Richard V. HALL, District Court Judge, Fourth Judicial District, State of Colorado, Respondent.**

No. 80SA329.

Supreme Court of Colorado.

Dec. 8, 1980.

Robert L. Russel, Dist. Atty., Robert B. Harward, Deputy Dist. Atty., Colorado Springs, for petitioner.

J. Gregory Walta, Colorado State Public Defender, Samuel W. McClure, Deputy State Public Defender, George C. Wing, Colorado Springs, for respondent.

LEE, Justice.

In this original proceeding, we issued a rule to show cause why the felony counts charging the defendants, Henry Adolph Garcia and Robert Lee Byrd, with the commission of second–degree burglary[1] and

---

1. Section 18–4–203, C.R.S.1973 (now in 1978 Repl.Vol. 8) provides:

"(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or

criminal mischief,[2] which had been dismissed after a preliminary hearing, should not be reinstated. We now make the rule absolute.

At about 1:00 a. m. on May 10, 1980, pursuant to a silent burglar alarm, police officers were dispatched to the Disabled Veterans Thrift Store. They secured the store entrances, and a search of the premises revealed the defendants were hiding inside. They were arrested and charged in a three–count information with second–degree burglary, felony criminal mischief, and felony theft.

The sole prosecution witness at the preliminary hearing was a police officer who was at the scene when defendants were arrested. Using both direct knowledge acquired from personal observation and knowledge gained from other officers, the officer testified that the defendants had been apprehended inside the thrift store after a burglar alarm had alerted police to defendants' presence in the store. The testimony showed, in pertinent part, that a garage door had been broken in sufficiently to allow someone to enter the building by reaching in and unlocking the door. When the officer arrived on the scene, he noticed there were holes in the door which had been covered over with insulation and wooden planks. The investigatory report indicated that the damage to the door would amount to one hundred dollars. There was other damage to the building, and a cash box had been broken into. However, there was no direct evidence presented which could tie the defendants to this damage. It was also shown that the defendants had no authority to be in the thrift store.

Defendants claim to have been walking in the alley behind the store. Seeing the holes in the door, they became "curious" and entered to look around.

The district judge dismissed the second–degree burglary charge, saying the prosecution had failed to show probable cause to believe the defendants intended to commit theft. The criminal mischief charge was dismissed because the damage caused was less than the statutorily required amount.

At a preliminary hearing, the judge must draw all reasonable inferences favorable to the prosecution. *Hunter v. Dist. Court*, 190 Colo. 48, 543 P.2d 1265 (1975). The standard of review in determining if probable cause had been established requires that the evidence be

"* * * sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crimes charged. * * *" *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977).

## I.

Concerning the burglary count and the respondent court's finding that the evidence failed to show that the defendants intended to commit the crime of theft, the court overlooked our decision in *Garcia v. People*, 172 Colo. 329, 473 P.2d 169 (1970), which held:

"* * * The general rule which we find to be supported by reason and logic is that where one breaks and enters into the property of another in the night time, an inference may be drawn that he did so with the intent to commit larceny. * * *"

The evidence showed that the defendants' unauthorized entry into the store was forcible and that an attempt had been made to conceal the holes in the garage door by

enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property.

"(2) Second degree burglary is a class 4 felony, but if it is a burglary of a dwelling, it is a class 3 felony."

**2.** Section 18–4–501, C.R.S.1973 (1978 Repl.Vol. 8) provides:

"Any person who knowingly damages the real or personal property of one or more other persons in the course of a single criminal episode commits a class 2 misdemeanor where the aggregate damage to the real or personal property is less than one hundred dollars. Where the aggregate damage to the real or personal property is one hundred dollars or more, he commits a class 4 felony."

which the entry was accomplished. We find no reason from a review of the evidence to justify the court in not concluding that the defendants intended to commit theft when they entered the building. Such an inference was justified from the circumstances surrounding the defendants' entry into the store and their unauthorized presence at the time of their arrest. It was the court's duty to draw such an inference. *Hunter v. Dist. Court, supra.* It is for the jury to determine at trial on the merits whether, under all the circumstances, the inference of intent to commit theft could justifiably be drawn from this evidence.

## II.

The district court also erred in dismissing the felony criminal mischief charge on the basis that the prosecution failed to show the required amount of one hundred dollars damage.

The police officer testified that he was informed by another officer that the estimated damage to the garage door was one hundred dollars. Such evidence is admissible at a preliminary hearing. *Maestas v. Dist. Court*, 189 Colo. 443, 541 P.2d 889 (1975). This amount was not disputed by any evidence, but only by the defense attorney in argument to the court on defendants' motion to dismiss. This evidence, viewed in the light most favorable to the prosecution, is sufficient to induce a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that defendants had committed felony criminal mischief. *People v. Treat, supra.*

The rule to show cause is made absolute.