The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Michael John HOLDER,
Defendant-Appellee.

No. 82SA95.

Supreme Court of Colorado,
En Banc.

Feb. 14, 1983.

---

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Richardson, Deputy Dist. Atty., Littleton, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, H. Patrick Furman, Deputy State Public Defender, Littleton, for defendant-appellee.

HODGES, Chief Justice.

Defendant Holder was charged with attempted burglary. After a preliminary hearing, the district court dismissed the charges on the grounds that there was insufficient evidence to support a finding of probable cause that the defendant intended to commit a theft at the time of the attempted burglary. The People appealed this judgment of dismissal directly to this court. We now reverse and remand for reinstatement of the charges, having found ample evidence as a matter of law in the record to support a finding of probable cause.

At the preliminary hearing on February 11, 1982, the People's first witness testified that on the evening in question, she heard some banging first on her door and then on her neighbor's door. Knowing that her neighbor was gone for the evening, she went out to investigate and discovered two young men crouched down on her neighbor's patio. She asked what they were doing and the defendant responded that they were looking for a party in "38 No. B." When she informed them that there was no "38 No. B" in the entire complex, the defendant replied that he was looking for a Mr. Acker. Again she informed the two men that there was no Mr. Acker in the entire complex. With that they jumped over the six-foot fence surrounding the apartments and hurried away. After determining that both the name and number given by the defendant were fictitious, the witness called the police who were able to apprehend the defendant near the front of the complex.

The tenant of the apartment testified that there were several pry marks on her door which were not there when she left on the evening in question. One of the investigating officers then testified that these pry marks matched a screwdriver found on the defendant at the time of his arrest, and that some blood found near the pry marks was admitted by the defendant to be his.

■ This evidence was clearly sufficient as a matter of law to establish probable cause with respect to each element of the crime charged. This court generally discourages appeals involving sufficiency of the evidence determinations. *People v. Thompson,* 655 P.2d 46 (Colo.1982), announced December 20, 1982. However, where, as here, the evidence is sufficient as a matter of law to establish probable cause, and a reversal of the trial court's dismissal is required, we will entertain the appeal.

In *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977) we defined the proper standard of review in passing upon sufficiency of the evidence questions at the preliminary hearing stage of a proceeding. We there held that the People must only present that amount of evidence

"sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant may have committed the crimes charged."

The trial judge in the present case concluded that the People's evidence regarding intent did not satisfy this test. As he stated at the close of the preliminary hearing, "the People have failed to establish that the defendant had the intent to commit a crime within the premises charged." We disagree, on the same basis as set forth in *Garcia v. People,* 172 Colo. 329, 473 P.2d 169 (1970) and *People v. Hall,* Colo., 620 P.2d 34 (1980).

In *People v. Hall, supra,* we held that the trial court at a preliminary hearing must draw all reasonable inferences favorable to

the prosecution. And in *Garcia v. People, supra,* we articulated the proper inference to be drawn in circumstances such as those presented here:

"The general rule which we find to be supported by reason and logic, is that where one breaks and enters into the property of another in the night time, an inference may be drawn that he did so with the intent to commit larceny."

Once this inference is made, it becomes obvious that the People's evidence is sufficient to induce a reasonable belief that defendant Holder intended to commit a crime within the premises charged. *See also People v. Armijo,* 197 Colo. 91, 589 P.2d 935 (1979); *People v. Treat, supra;* and *People v. Taylor,* 655 P.2d 382 (Colo.1982), announced November 29, 1982.

■ The defendant claims that he and his friend were attempting to enter the victim's residence under a belief that it was the home of someone who owed the defendant's friend some money. However, it is not for the trial judge at a preliminary hearing to accept the defendant's version of the facts over the legitimate inferences which can be drawn from the People's evidence. Judging the merits of a case is, as we have repeatedly held, for the trier of facts at trial. *People v. Hall, supra* at 36; *Johns, Jr. v. District Court,* 192 Colo. 462, 561 P.2d 1, 3 (1977).

The function of the trial judge at the preliminary hearing is simply to determine whether the People's evidence, taken alone and in the light most favorable to the prosecution, is sufficient to induce a reasonable belief that the defendant committed the crime charged. The evidence presented by the People in the present case clearly meets this standard as to all elements of the crime charged.

Judgment reversed and cause remanded to trial court for reinstatement of the charges.

ERICKSON, J., does not participate.