The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Kathleen Ann FRAYER, Defendant-Appellant.

No. 81CA0396.

Colorado Court of Appeals, Div. III.

Nov. 12, 1982.

Rehearing Denied Dec. 16, 1982.

Certiorari Granted April 4, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John T. Hyland, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Kathleen Ann Frayer, appeals the judgments of conviction of obtaining a narcotic drug by fraud and deceit, § 12–22–319, C.R.S.1973 (1978 Repl.Vol. 5), and tampering with physical evidence, § 18–8–610, C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

The following pertinent facts are disclosed by the record. On March 3, 1980, a pharmacist received a telephone call at his drug store. The caller identified himself as "Dr. Welch" and requested the pharmacist to prepare a prescription of hycodan for a "Nancy Burns." Upon calling the office of Dr. Welch, the pharmacist learned that that physician had not authorized such prescription. A short time later, the pharmacist received a call from a woman inquiring if the prescription for Nancy Burns were ready. He then telephoned for police assistance. An associate pharmacist, informed of the situation, prepared a bottle of hycodan.

Defendant later entered the store, obtained the hycodan through use of the name Nancy Burns, and exited with a paper bag containing the bottle. While these events were transpiring, Fort Collins police authorities established a surveillance outside the drug store. They observed defendant exit the store with a paper bag and begin to walk toward a parked automobile.

Officer Groves, in full uniform, then approached defendant. As she reached the automobile, he shouted, "Police, halt." When defendant then attempted to enter the automobile, the officer seized her arm. He at that time informed defendant that she was under arrest for "investigation of forged prescription," and also instructed the male occupants of the vehicle to stay where they were.

Officer Groves testified that defendant shouted, "Hey, you guys, help me"; that she began to struggle; and that she then threw the bag towards the front of the parked vehicle. The officer retrieved the package, but defendant snatched it from him and threw it some 15 feet towards the rear of the vehicle. During the course of this struggle, the bottle broke and the automobile was driven away from the parking lot.

Defendant first contends that the evidence adduced at trial was insufficient as a

matter of law to establish the requisite mental state for conviction of unlawful tampering. Specifically, she asserts that the evidence failed to establish that she acted with a belief that an official proceeding was about to be instituted. We disagree.

■ The tampering statute, § 18–8–610(1)(a), C.R.S.1973 (1978 Repl.Vol. 8), states as follows:

"(1) A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he:

(a) Destroys, mutilates, conceals, removes, or alters physical evidence with intent to impair its verity or availability in the pending or prospective official proceeding . . . ."

An "official proceeding" is defined in § 18–8–501(3), C.R.S.1973 (1978 Repl.Vol. 8), as "a proceeding heard before any legislative, judicial, administrative, or other government agency . . . ." As these two statutory sections reveal, the General Assembly has defined the offense of tampering to include a mental state of actual belief that some governmental proceeding has been or is about to be commenced. The prosecution must, of course, establish this element of the offense beyond a reasonable doubt by competent evidence.

■ Direct evidence will rarely be available to establish a defendant's mental state at the time of the performance of allegedly unlawful acts. *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46 (1969). Therefore, circumstantial evidence and permissible inferences drawn therefrom generally constitute the basis for establishing the requisite state of mind. *Garcia v. People,* 172 Colo. 329, 473 P.2d 169 (1970).

■ Here, the prosecution established that defendant had been warned to stop and advised that she was under arrest by a uniformed policeman before she twice threw away the bag and its incriminating contents. This evidence, together with the fact that on the second such occasion de-

fendant seized the bag from the officer, is sufficient to permit the jury reasonably to infer that her conduct was motivated by a belief that judicial proceedings were "about to be instituted." We conclude, therefore, that the evidence was sufficient to sustain the jury's verdict.

■ With respect to her conviction of obtaining a narcotic drug by fraud and deceit, defendant contends that the trial court erred in informing the jury that hycodan is a narcotic drug. However, at trial the pharmacist testified, without contradiction, that hycodan is a narcotic drug. Thus, the trial court did not err in so instructing the jury.

Judgments of conviction affirmed.

BERMAN and TURSI, JJ., concur.