The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Clifford C. STEWART,
Defendant-Appellee.

No. 85SA388.

Supreme Court of Colorado,
En Banc.

July 20, 1987.

Barney Iuppa, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Tegtmeier & Sears, P.C., Richard L. Tegtmeier, Colorado Springs, Moline, Ottsen, Mauze', Legget & Shostak, Burton H. Shostak, St. Louis, Mo., for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's order dismissing a one-count information charging the defendant, Clifford C. Stewart, with felony theft in violation of section 18-4-401, 8B C.R.S. (1986).[1] We vacate the order and remand the case for further proceedings.

I

In late 1983 or early 1984, the defendant and Jack Doyle formed a natural gas supply business denominated Western Hydrocarbons and Development Corporation (Western Hydrocarbons) and began purchasing natural gas products from Petro-Lewis Corporation (Petro-Lewis) for resale. In January 1984, the State of Colorado issued a certificate of incorporation to Western Hydrocarbons indicating that the defendant was the president and treasurer of the company; that the defendant's wife, Donna Stewart, was its secretary; and that Jack Doyle was its executive vice-president.

Initially, Western Hydrocarbons paid Petro-Lewis for its purchases in a timely manner. By October 1984, however, payments from Western Hydrocarbons to Petro-Lewis were approximately $1.3 million in arrears. In November 1984, while these bills were still outstanding, Stewart disappeared.[2] On January 30, 1985, a one-count information alleging felony theft was filed

---

1. The People appeal pursuant to § 16-12-102, 8A C.R.S. (1986).

2. For a detailed explanation of the facts, see the related civil case of *Petro-Lewis Corp. v. District Court,* 727 P.2d 41 (Colo.1986).

against Stewart in the El Paso County District Court.

A preliminary hearing was conducted during which the prosecution introduced evidence that no corporate stock had ever been issued, that no meetings of directors or shareholders had ever been held, that no bylaws had been adopted and that no federal or state tax identification numbers had been obtained. Other evidence established that during 1984 Western Hydrocarbons made numerous purchases from Petro-Lewis and then sold the natural gas products involved in those purchases to Elgin Petroleum at a loss; that, unknown to Doyle, the money received from Elgin Petroleum was deposited into a Western Hydrocarbons bank account opened in Colorado Springs in February 1984 for which Stewart and his wife, personally, were the sole authorized signatories; that funds in this bank account were used to purchase several automobiles for Stewart and to make large payments to individuals apparently having no business connections with Western Hydrocarbons, including Stewart's brother; that some of the money paid to these individuals was subsequently repaid to Stewart and deposited by him in different bank accounts; and that on several occasions Stewart asked Petro-Lewis employees to delay sending invoices. The trial court ruled that the People failed to establish probable cause to believe Stewart had committed theft because Stewart's removal of funds from a checking account over which he had control could not be characterized as an unauthorized exercise of control over anything of value of another.

## II

The People argue that probable cause exists to support the charge that Stewart committed theft by deception in obtaining natural gas products for which he had no intention of paying. We agree.

■ A preliminary hearing is a screening device used to determine whether probable cause exists to support the charge that an accused person committed a particular crime. *People v. Nygren*, 696 P.2d 270 (Colo.1985); *Miller v. District Court*, 641

P.2d 966 (Colo.1982); *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977); Crim.P. 7(h). The probable cause standard requires evidence sufficient to induce a person of ordinary prudence and caution to form a reasonable belief that the defendant committed the crime charged. *People v. Nygren*, 696 P.2d 270; *People v. Holder*, 658 P.2d 870 (Colo.1983); *People v. Armijo*, 197 Colo. 91, 589 P.2d 935 (1979). Evidence sufficient to support a conviction is not necessary at the preliminary hearing stage; rather, the evidence must be viewed in the light most favorable to the prosecution, and all inferences must be resolved in favor of the prosecution. *People v. Pedrie*, 727 P.2d 859 (Colo.1986); *People v. Holder*, 658 P.2d 870; *People v. Luttrell*, 636 P.2d 712 (Colo.1981).

■ Here, section 18–4–401, 8B C.R.S. (1986), the statute defining the offense with which Stewart was charged, provides in pertinent part as follows:

**Theft.** (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

Stewart argues that the facts of this case indicate a debtor-creditor relationship between the parties and that a felony theft charge cannot be sustained on such a basis. Generally, the failure of a debtor to pay his creditors does not constitute theft. *E.g., People v. Treat*, 193 Colo. 570, 568 P.2d

473; *Kelley v. People,* 157 Colo. 417, 402 P.2d 934 (1965); *People v. Hallman,* 41 Colo.App. 427, 591 P.2d 101 (1978). However, section 18–4–401 defines theft to include those instances where a person knowingly obtains control over anything of value of another by deception with the intent to permanently deprive the other person of its use or benefit. The offense of theft by deception requires proof that the defendant knowingly or intentionally deprived the victim permanently of something of value, *People v. Quick,* 713 P.2d 1282 (Colo.1986), by means of misrepresentations upon which the victim relied, *People v. Norman,* 703 P.2d 1261 (Colo.1985). The intent element may be inferred from the defendant's conduct and the circumstances of the case. *People v. Norman,* 703 P.2d 1261; *Miller v. District Court,* 641 P.2d 966.

 Here, the trial court concluded that Stewart's depletion of the bank account over which he exercised control could not constitute theft because the withdrawal of the money could not be deemed a withdrawal "without authority." The trial court's conclusion misapprehends one of the principal thrusts of the prosecution's case—that Stewart obtained control over the Petro-Lewis natural gas products by misrepresentation and that Stewart never had any intention of reimbursing Petro-Lewis for the products supplied.[3] Under this theory, the transactions involving the Colorado Springs bank account could be viewed by a trier of fact as evidence supporting the inference that Stewart intended to permanently deprive Petro-Lewis of the value of its natural gas products. This evidence, when viewed in the light most favorable to the prosecution, is sufficient to induce a person of ordinary prudence and caution to form a reasonable belief that the defendant committed the crime of theft by deception. We therefore conclude that the trial court erred.

3. The People argue alternatively that Western Hydrocarbons acted as a broker for Petro-Lewis and that Western Hydrocarbons virtually held in escrow for payment to Petro-Lewis funds collected from Elgin Petroleum. The People also argue that Western Hydrocarbons and Development Corporation, Jack Doyle and possibly even Elgin Petroleum might be characterized as victims of a theft perpetrated by Stewart. Because disposition of this appeal does not depend upon resolution of such issues and because we have concluded that this case should be remanded for further proceedings, we decline to address these issues.

The trial court's order is vacated and the case is remanded to the trial court with directions to reinstate the information as initially charged and to conduct such further proceedings as may be appropriate.