No. 79SA314

**The People of the State of Colorado v.
Rick Waggoner, a/k/a Ricky Waggoner**

(610 P.2d 106)

Decided May 5, 1980.

W. Terry Ruckriegle, Special Deputy District Attorney, for plaintiff-appellant.

Darol C. Biddle, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

■ At a preliminary hearing, the trial court ruled that the evidence presented by the prosecution did not establish probable cause and

thereupon dismissed an assault charge. This appeal by the prosecution is no more than an advocate's dispute with a trial court's determination of the sufficiency of the evidence. Such appeals have been strongly discouraged. *See People v. Martinez,* 198 Colo. 577, 603 P.2d 944 (1979); *People v. Berry,* 198 Colo. 258, 598 P.2d 1044 (1979); *People v. Chmielewski,* 187 Colo. 268, 529 P.2d 1337 (1975); *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971).

■ The basis for an appeal by the prosecution in a criminal case is to raise a question of law which arises from a ruling by a trial court.[1] Section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8). There is no question of law raised here. We are merely asked to determine whether the trial court abused its discretion. It is not the function of this court to sit as a second preliminary hearing court to review the evidence of probable cause.

When this court is asked to make a case-by-case review of the trial court's determination of the sufficiency of the evidence, the time expended by the court "serves little purpose and is rarely productive of any precedential value." *People v. Berry, supra.*

Appeal dismissed.

---

[1] A district attorney must appeal a trial court's determination that an act of the general assembly is inoperative or unconstitutional. Section 16-12-102, C.R.S. 1973. This necessarily raises an issue of law, and this court's resolution of the issue would have precedential value.