The **PEOPLE** of the State of Colorado, Petitioner,

v.

The **DISTRICT COURT OF COLORADO'S SEVENTEENTH JUDICIAL DISTRICT,** and One of its Judges, the Honorable Philip F. Roan, Respondents.

No. 96SA222.

Supreme Court of Colorado, En Banc.

Nov. 4, 1996.

Robert S. Grant, District Attorney, Seventeenth Judicial District, Michael J. Milne, Senior Deputy District Attorney, Brighton, for Petitioner.

David F. Vela, Colorado State Public Defender, Todd L. Nelson, Deputy State Public Defender, Mary Claire Mulligan, Deputy State Public Defender, Brighton, for Defendant Travis R. Henry.

Chief Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding, we directed the Adams County District Court to show cause why we should not require it to reinstate the charges of first degree murder and felony menacing against Travis Henry (Henry) in the case *People v. Henry,* No. 96CR233 (Adams County Dist. Ct.). After a preliminary hearing, the district court ruled that it would not bind the case over for trial on the first degree murder and felony menacing charges, but instead would bind the case over on a second degree murder charge. The record reflects sufficient evidence to sustain probable cause to believe that Henry committed first degree murder and felony menacing. We make the rule to show cause absolute.

## I.

At approximately 1:45 a.m. on February 10, 1996, Joyce Pittman (Pittman) and her boyfriend, Desmone Carter (Carter), left a bar in Aurora. As they were leaving, they encountered Travis Henry (Henry), who invited Carter to his home. Pittman then drove Carter and Henry to Henry's trailer approximately one mile away. After the three were in Henry's trailer for approximately one-half hour, Pittman left because the two men were preparing to smoke crack cocaine. Pittman returned to Carter's trailer an hour or two later to pick up Carter. As they were preparing to leave, Carter asked to use Henry's telephone. Henry could not find the telephone and determined that it had been stolen in a burglary earlier that day. Henry urged Carter to stay while he tried to borrow a telephone from a neighbor.

Pittman and Carter waited a few minutes, then decided to leave. As they were driving away, they saw Henry, who told them that the neighbor would not let them use the telephone. Carter then told Henry that he had forgotten something in Henry's trailer. While Carter and Henry returned to the trailer, Pittman remained in the car. Approximately five minutes later, the door of the trailer flew open, and Pittman expected Carter to come out. When he did not emerge, Pittman ran into the trailer, where she found Carter and Henry engaged in a physical fight with each other, and Henry was on top of Carter. Pittman yelled at Henry to get off of Carter, but Henry refused to do so. Pittman then grabbed a board and struck Henry on the back of the head with the board. When Henry continued to fight with Carter, Pittman repeatedly yelled at Henry to get off of Carter and repeatedly hit Henry on the head with the board.

During the fight, Henry repeatedly stated that he was going to kill Carter. The struggle then moved to the kitchen, where Henry obtained a butcher knife. Pittman ran to the bedroom, and grabbed a lamp with which she could hit Henry. Upon returning to the kitchen, Pittman discovered that Henry had already stabbed Carter once. Pittman then saw Henry stab Carter in the stomach. Subsequently, Henry held the knife pointed downward and said that he would kill Pittman if she did not leave his home. Pittman then left and asked a neighbor to call the

police. Carter later died from the stab wounds.

Henry reported to the 911 dispatcher that he had stabbed someone because that person was trying to rob him.[1] At approximately 4:45 a.m., Henry was arrested. Henry told the police that he was not sure whether the persons he confronted in his residence were the same individuals who gave him a ride home. Henry was subsequently charged with first degree murder in violation of section 18–3–102(1)(a), 8B C.R.S. (1986), and felony menacing in violation of section 18–3–206, 8B C.R.S. (1986).

On April 26, 1996, the district court held a preliminary hearing to determine whether probable cause existed to believe that Henry had committed the offenses charged. After hearing the prosecution's evidence and both sides' oral arguments, the district court ruled that it would not bind the case over on the charges of first degree murder and felony menacing. Instead, the district court ruled that it would bind the case over on a charge of second degree murder, stating that the case against Henry was "extremely defensible."

The prosecution filed a petition in this court pursuant to C.A.R. 21, and we issued an order to show cause.

## II.

The petitioner claims that the district court erroneously refused to bind the case over on the first degree murder and felony menacing charges. The respondent counters that the court properly ruled to bind the case over on a second degree murder charge. We agree with the petitioner and hold that the district court abused its discretion in refusing to bind the case over on the charges of first degree murder and felony menacing.

1. It is unclear from the record when Henry called the 911 dispatcher.

2. The respondent argues that the district court did not abuse its discretion because the testimony of the prosecution's key witness, Pittman, was inconsistent. However, a judge in a preliminary hearing may not consider the credibility of witnesses unless, as a matter of law, the testimony is

It is well settled that a preliminary hearing serves the limited purpose of determining "if there is probable cause to believe that an offense has been committed and that the person charged committed it." *People v. District Court,* 803 P.2d 193, 196 (Colo.1990) (quoting § 16–1–104(14), 8A C.R.S. (1986)). The standard for finding probable cause requires only that the prosecution present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime charged. *People v. District Court,* 803 P.2d at 196. It is unnecessary for the prosecution to show beyond a reasonable doubt that the defendant committed the crime, or even the probability of the defendant's conviction. *Id.* Instead, the trial court is obligated at the preliminary hearing to view the evidence in the light most favorable to the prosecution. *People v. Juvenile Court,* 813 P.2d 326, 329 (Colo.1991). The prosecution therefore is accorded latitude at the preliminary hearing to establish probable cause that the defendant committed the crime charged. *Id.*[2]

### A.

First degree murder is a specific intent crime; the prosecution must establish not only that the defendant intended to cause the death of another person, but that he acted after deliberation. § 18–3–102(1)(a), 8B C.R.S. (1986). A person acts "intentionally" or "with intent" when his conscious objective is to cause the specific result proscribed by the statute defining the offense. § 18–1–501(5), 8B C.R.S. (1986). The term "after deliberation" means "not only intentionally but also that the decision to commit the act has been made after the exercise of reflection and judgment concerning the act." § 18–3–101(3), 8B C.R.S. (1986). An act committed after deliberation is never one which has

implausible or incredible. *Hunter v. District Court,* 190 Colo. 48, 52–53, 543 P.2d 1265, 1268 (1975). When there is a mere conflict in the testimony, a question of fact exists for the jury, and the judge in a preliminary hearing must draw the inference favorable to the prosecution. *Id.*

been committed in a hasty or impulsive manner. *Id.*

The element of deliberation, like intent, can rarely be proven other than through circumstantial or indirect evidence. *People v. District Court,* 779 P.2d 385, 388 (Colo.1989). Such evidence may include the use of a deadly weapon, the manner in which it was used, and the existence of hostility between the accused and the victim. *Id.* The fact finder may infer an intent to cause the natural and probable consequences of unlawful voluntary acts. *Id.* The circumstances surrounding a victim's death may permit the reasonable inference that the defendant had adequate time for the exercise of reflection and judgment concerning the fatal act. *Id.*

Our decision in *People v. District Court,* 779 P.2d 385, guides us in determining whether here, the district court abused its discretion in refusing to bind the case over on the charge of first degree murder. In that case, like in the case before us, the district court refused to bind the case over on a charge of first degree murder and instead ruled to bind the case over on a charge of second degree murder. The testimony at the preliminary hearing in that case established that the defendant, James Hulsing (Hulsing), killed his wife with a revolver during an argument. Testimony at the hearing also indicated that after his wife's death, Hulsing made statements of remorse to police officers, indicating that the victim's death was accidental. Nevertheless, we held in that case that there was probable cause to charge Hulsing with first degree murder because Hulsing had argued with his wife, threatened to kill her, pointed a loaded gun at his wife three times, and fired the gun at close range into the back of her head. *Id.* at 388–89. As we stated in that case, " 'it is not for the trial judge at a preliminary hearing to accept the defendant's version of the facts over the legitimate inferences that can be drawn from the People's evidence. Judging the merits of a case is, as we have repeatedly

held, for the trier of facts at trial.' " *Id.* at 389 (quoting *People v. Holder,* 658 P.2d 870, 872 (Colo.1983)).

In the case at bar, the testimony at the preliminary hearing indicated that Henry was fighting with Carter, threatened to kill Carter, obtained a butcher knife, waved the knife at Carter, and stabbed Carter not once, but twice in the abdominal area. The circumstances surrounding Carter's death, such as the length of the struggle between Carter and Henry and the fact that their struggle moved from the living area to the kitchen, permit the reasonable inference that Henry had adequate time for the exercise of reflection and judgment concerning the fatal act. Viewed in the light most favorable to the prosecution, the evidence was sufficient to induce a person of ordinary prudence to entertain a reasonable belief that Henry committed murder in the first degree.

## B.

Menacing, whether a misdemeanor or a felony,[3] is a general intent crime. *People v. Zieg,* 841 P.2d 342, 343 (Colo.App. 1992). To establish that a defendant has committed the crime of menacing, it is not necessary to prove actual subjective fear on the part of the victim. *Id.* Rather, it is only necessary that the defendant be aware that his conduct is practically certain to cause fear. *Id.* Moreover, in defining felony menacing, the phrase "use of a deadly weapon" is broad enough to include the act of holding a weapon in the presence of another in a manner that causes the other person to fear for his safety, even if the weapon is not pointed at the other person. *People v. Hines,* 780 P.2d 556, 559 (Colo.1989).

Here, the testimony at the preliminary hearing indicated that Henry, while holding the knife that mortally wounded Carter, threatened to kill Pittman if she did not leave his residence. This threat was sufficient to place Pittman in fear of imminent serious bodily injury, even if Carter did not point the

---

**3.** Section 18–3–206, 8B C.R.S. (1986), defines the offense of menacing as follows:

A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in

fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

knife at Pittman or make any moves toward Pittman with the knife. Thus, viewed in the light most favorable to the prosecution, the evidence was sufficient to induce a person of ordinary prudence to entertain a reasonable belief that Henry committed the crime of felony menacing.

### III.

We conclude that the district court abused its discretion in refusing to bind this case over on the charges of first degree murder and felony menacing. Therefore, the rule to show cause is made absolute and the cause is remanded to the district court with directions to reinstate the information charging the defendant with first degree murder and felony menacing.