The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Derek Dee BECK, Defendant–Appellee.

No. 07CA0859.

Colorado Court of Appeals, Div. VI.

May 15, 2008.

Robert E. Watson, District Attorney, Brian D. Petroff, Deputy District Attorney, Sterling, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Joseph P. Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge HAWTHORNE.

The People appeal a trial court order dismissing charges of attempting to influence a public servant and identity theft filed against defendant, Derek Dee Beck. We affirm in part, reverse in part, and remand for reinstatement of the charge of attempting to influence a public servant.

## I. Background

Following a traffic incident in which defendant provided false identifying information to a police officer, the People charged defendant with attempt to influence a public servant, criminal impersonation, driving without an operator's license, and failure to obey a traffic control device. The People later amended the information to add a count of identity theft and two habitual criminal counts.

At the preliminary hearing, a police officer testified about the incident. The court then made specific, factual findings based on the officer's testimony, including that defendant had provided another person's name and birth date to the police officer. The court concluded that those facts were sufficient to bind over for trial all the charges except those of attempting to influence a public servant and identity theft, which the court dismissed.

In refusing to bind over the attempt to influence a public servant charge, the court cited defendant's argument that section 18–8–306, C.R.S.2007, is located in "Part 3 of Title 18, Article 8, which is [en]titled Bribery and Corrupt Influences." Defendant had argued that providing false identifying information to a police officer was not the sort of bribe or corrupt influence that the statute was intended to prohibit because it does not amount to an attempt to alter an action of an officer.

Likewise, the court refused to bind over the identity theft charge in response to defendant's argument that providing false iden-tifying information to a police officer does not implicate the crime of identity theft because the person providing the information is not obtaining a "thing of value," as the statute requires.

The People appeal the dismissal of both charges. *See* § 16–12–102(1), C.R.S.2007 (order of court dismissing some, but not all, charges prior to trial is appealable order); *People v. Collins,* 32 P.3d 636, 639 (Colo.App. 2001) (under section 16–12–102(1), prosecution may appeal any order dismissing one or more charges prior to trial).

## II. Attempting to Influence a Public Servant

■ The People first contend that the trial court erred in dismissing the charge of attempting to influence a public servant. We agree.

■ When a trial court reviews the evidence at a preliminary hearing and bases its ruling on correct conclusions of law and legal standards, we review only for an abuse of discretion. *See People v. Waggoner,* 199 Colo. 450, 451, 610 P.2d 106, 106–07 (1980); *People v. Hall,* 999 P.2d 207, 221 (Colo.2000). However, when the court applies an erroneous legal standard or bases its ruling on erroneous conclusions of law, we review the record to determine whether the evidence, when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crime charged. *See Hall,* 999 P.2d at 221. Thus, we must first consider whether the trial court based its ruling on correct conclusions of law.

■ Here, the trial court's finding of a lack of probable cause to bind over the attempt to influence a public servant charge was based on the legal conclusion that providing false identifying information to a police officer is categorically insufficient to constitute that crime under section 18–8–306. Because this is a conclusion of law, our review is de novo. *See Hall,* 999 P.2d at 221 (in reviewing dismissal of charge, appellate court reviews conclusions of law de novo).

Section 18–8–306 provides:

Any person who attempts to influence any public servant by means of deceit or by threat of violence or economic reprisal against any person or property, with the intent thereby to alter or affect the public servant's decision, vote, opinion, or action concerning any matter which is to be considered or performed by him or the agency or body of which he is a member, commits a class 4 felony.

Thus, the statute prohibits a person from attempting to influence a public servant using deceit with the intent of altering the public servant's action. *See* § 18–8–306. Actual influence is not required. Rather, the statute is aimed at attempts to influence public servants in their official capacities to improperly alter or affect the performance of their official duties. *See People v. Janousek,* 871 P.2d 1189, 1193 n. 10 (Colo.1994). Hence, we conclude that the trial court's ruling was based on an erroneous conclusion of law.

Accordingly, we must review the record to determine whether the evidence, when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that defendant committed the crime of attempting to influence a public servant. *See Hall,* 999 P.2d at 221. Here, the evidence supports a reasonable inference that defendant attempted to alter the police officer's official actions by means of deceit. We therefore reverse the court's order with respect to that charge and remand with instructions to reinstate the charge. *See Hall,* 999 P.2d at 221–24; *Janousek,* 871 P.2d at 1195.

### III. Identity Theft

The People further contend that the trial court erred in dismissing the charge of identity theft. We disagree.

As discussed, when a trial court applies an erroneous legal standard or bases its ruling on erroneous conclusions of law, we review the record to determine whether the facts, when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the

crime charged. *See Hall,* 999 P.2d at 221. However, we review only for an abuse of discretion when a trial court applies a correct legal standard. *Id.; Waggoner,* 199 Colo. at 451, 610 P.2d at 106–07.

Here, the court dismissed the identity theft charge in response to defendant's argument that providing false identifying information to a police officer making a traffic stop does not implicate the crime of identity theft because the person providing the information does not obtain a "thing of value," as the statute requires. The People, however, argue that this legal conclusion is erroneous because a person who provides false identifying information to a police officer obtains the use of another person's driving record, which is a "thing of value" under the statute.

Because the People assert that the court erred as to a conclusion of law, our review is de novo. *See Hall,* 999 P.2d at 221.

As relevant here, section 18–5–902(1), C.R.S.2007, provides that a person commits identity theft if he or she:

(a) Knowingly uses the personal identifying information, financial identifying information, or financial device of another without permission or lawful authority to obtain cash, credit, property, services, or any other thing of value or to make a financial payment . . . [or] (f) Attempts, conspires with another, or solicits another to commit any of the acts set forth in paragraph[ ](a) . . . of this subsection (1).

The phrase "thing of value" is not defined in the identity theft statute. However, section 18–1–901(3)(r), C.R.S.2007, the provision that generally defines terms used in the criminal code, defines "thing of value" to include "real property, tangible and intangible personal property, contract rights, choses in action, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith."

Section 18–5–902(1) uses the phrase "thing of value," but does not explicitly incorporate the definition found in section 18–1–901(3)(r). In addition, section 18–5–902(1) lists some, but not all, of the things of value listed in section 18–1–901(3)(r). In these circumstances, we conclude that the General

Assembly did not intend to incorporate the general definition found in section 18–1–901(3)(r) into section 18–5–902(1). Instead, it provided a narrower scope of things of value in section 18–5–902(1).

 Furthermore, because the phrase "thing of value" in the identity theft statute is not defined and is susceptible of various interpretations, we employ the statutory construction principle of ejusdem generis, which provides that where a general term follows a list of things in a statute, the general terms are applied only to those things of the same general kind or class as those specifically mentioned. *See Winter v. People,* 126 P.3d 192, 195 (Colo.2006). Here, the phrase "thing of value" must be interpreted to apply only to those things that share the characteristics of the items listed in the identity theft statute.

 The list of things in the identity theft statute includes items such as cash and things that can be lawfully exchanged for cash, or financial payments. They all have financial or economic value and can be lawfully obtained, or made in the case of a financial payment, through the use of a financial device or personal or financial identifying information. None is a public right, duty, or entitlement that cannot be lawfully obtained in exchange for payment. Accordingly, we reject the People's contention that, for purposes of the identity theft statute, the phrase "to obtain ... any other thing of value" includes the nonpecuniary benefits of misleading and influencing the actions of a police officer, such as obtaining the use of another person's driving record.

 Hence, we conclude the trial court's conclusion of law was correct. Accordingly, here we review the trial court's determination of a lack of probable cause for an abuse of discretion and conclude that, because there was no evidence that defendant obtained a thing of pecuniary value, the trial court did not abuse its discretion in dismissing the identity theft charge. *See Hall,* 999 P.2d at 221; *Waggoner,* 199 Colo. at 451, 610 P.2d at 106–07.

The trial court's order is affirmed as to dismissal of the charge of identity theft and reversed as to dismissal of the charge of attempting to influence a public servant. The case is remanded with instructions that the latter charge be reinstated.

Judge CARPARELLI and Judge RUSSEL concur.