The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Christopher Ryan KEENE, Defendant–Appellee.

No. 08CA2189.

Colorado Court of Appeals, Div. VI.

April 30, 2009.

John R. Newsome, District Attorney, Stephanie M. Cusick, Deputy District Attorney, Janye Candea–Ramsey, Deputy District Attorney, Doyle Baker, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge HAWTHORNE.

The People appeal the trial court's order, entered at a preliminary hearing, reducing two class three felony sexual assault charges against defendant, Christopher Ryan Keene, to class four felony charges and dismissing five other sexual assault charges against defendant. We affirm in part, reverse in part, and remand the case with directions.

## I. Procedural Background

The People charged defendant with a total of ten counts of sexual assault arising from four separate incidents, each involving a different victim. Counts one, two, and three of the People's amended complaint pertain to defendant's encounter with J.W. Counts one and two allege defendant sexually assaulted J.W. through the actual application of physical force or physical violence in violation of sections 18–3–402(1)(b), (4)(a), and 18–3–402(1)(a), (4)(a), C.R.S.2008, respectively, class three felonies. Count three alleges defendant sexually assaulted J.W. in violation of section 18–3–402(1)(a), a class four felony. Absent the alleged aggravating factor of physical force or physical violence in count two, it is identical to count three.

Counts four, five, and six relate to defendant's encounter with D.M. Counts four and five allege defendant sexually assaulted D.M. through the actual application of physical force or physical violence in violation of sections 18–3–402(1)(b), (4)(a) and 18–3–402(1)(a), (4)(a), respectively, class three felonies. Count six alleges defendant sexually assaulted D.M. in violation of section 18–3–402(1)(a), a class four felony. Again, only the aggravating factor of physical force or physical violence in count five distinguishes it from count six.

Counts seven, eight, and nine allege defendant sexually assaulted B.I. in violation of sections 18–3–402(1)(h), C.R.S.2008, 18–3–402(1)(b), and 18–3–402(1)(a), respectively, all class four felonies.

Count ten, which alleges defendant sexually assaulted E.T. in violation of section 18–3–402(1)(a), is not involved in this appeal.

At the preliminary hearing, the People presented testimony from the officer who investigated all four alleged sexual assaults. None of the victims testified. At the conclusion of the People's evidence, the trial court found that there was insufficient evidence to establish probable cause to believe that de-

fendant applied physical force or physical violence against J.W. Therefore, the court reduced count one to a class four felony. The court dismissed count two in its entirety because once the court found no probable cause for the physical force or physical violence allegations, count two, also reduced to a class four felony, was duplicative of count three.

Likewise, the court found there was insufficient evidence to establish probable cause to believe that defendant applied physical force or physical violence against D.M., and therefore, it reduced count four from a class three to a class four sexual assault charge and dismissed count five. Again, because the court found no probable cause to believe that defendant used physical force or physical violence, count five, charged as a class four felony, would have duplicated count six.

The court also found that there was insufficient evidence to establish probable cause to believe that defendant sexually assaulted B.I., and it dismissed counts seven, eight, and nine.

The People now appeal the trial court's order reducing and dismissing the charges against defendant.

## II.  Jurisdiction

Initially, defendant contends that because the People's notice of appeal was filed more than ten calendar days after the trial court issued its order reducing and dismissing the charges, under C.A.R. 4.1(b) we lack jurisdiction to review the People's appeal.

This argument was previously considered and rejected by the motions division of this court. We have reviewed this argument and agree with the motions division. *See* C.A.R. 26(a) (unless otherwise specifically ordered, when period of time prescribed or allowed by appellate rule is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation). Accordingly, we address the issues raised in the People's appeal.

## III.  Physical Force or Physical Violence

The People contend that the trial court erred in concluding that the prosecution failed to show probable cause for the "physical force or physical violence" element of sexual assault under section 18–3–402(4)(a) concerning J.W. and D.M. We agree as to J.W., but disagree as to D.M.

When a trial court bases its ruling at a preliminary hearing on its review of the evidence and correct conclusions of law and legal standards, we review only for an abuse of discretion. *People v. Beck*, 187 P.3d 1125, 1127 (Colo.App.2008). However, when a court applies erroneous legal standards or bases its ruling on erroneous conclusions of law, we review the record to determine whether the evidence, viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crimes charged. *Id.* Thus, we must first consider whether the trial court based its rulings on correct conclusions of law. *Id.*

The trial court concluded that evidence that defendant used his body weight to hold down J.W. and D.M. during the alleged sexual assaults was inadequate to establish probable cause to believe that defendant sexually assaulted J.W. and D.M. through the actual application of physical force or physical violence. The trial court reasoned:

> [T]o find [the actual application of physical force or physical violence], to say that this case has force just based on the fact that the defendant allegedly has his body weight on the victim, I think would mean that just about every sexual assault that there is would be [a class three felony] rather than a [class four felony]. The problem [the court has] is [there is] nothing here to distinguish between the class three felony and the class four felony. I don't have that extra added physical force. There is no holding her down, holding her wrists, holding her neck, covering her mouth, threatening her, hitting her. Any of the things that we normally see in [a class three felony] where there is an actual application of physical force or physical violence which all the case law tells me is needed. Something extra to have that extra application of physical force or physical violence.

Based on this reasoning, we infer that the trial court concluded that evidence that a defendant's body weight prevented a victim from escaping a sexual assault is categorically insufficient to constitute the actual application of physical force or physical violence under section 18–3–402(4)(a). Because this is a conclusion of law, our review of it is de novo. *Id.*

Under section 18–3–402(4)(a), sexual assault is a class three felony if the actor causes "submission of the victim through the actual application of physical force or physical violence." *See* § 18–3–402(4)(a); *People v. King,* 151 P.3d 594, 600 (Colo.App.2006). Neither this section, nor any other section of the criminal code, provides a definition of "physical force" or "physical violence."

However, a division of this court has concluded that the definitions of "physical force" to mean "force applied to the body" and "physical violence" to mean "unjust or unwarranted exercise of physical force," as those terms are used in section 18–3–402(4)(a), are not inaccurate. *People v. Holwuttle,* 155 P.3d 447, 449 (Colo.App.2006). These definitions of "physical force" or "physical violence" do not require an "extra application" of force other than any force applied to the body. We are persuaded by the division's analysis and adopt these definitions, although we note that the physical force or physical violence, as defined here for the purposes of section 18–3–402(4)(a), must cause the victim to submit to sexual intrusion or sexual penetration.

Thus, we conclude that evidence that a defendant's body weight caused the victim to submit against his or her will is sufficient to establish probable cause to believe that the defendant applied the physical force required under section 18–3–402(4)(a).

Other jurisdictions have addressed similar statutes in the context of whether an assailant used physical force by holding a victim down with his body weight during a sexual assault and reached the same conclusion. In *United States v. Allery,* 139 F.3d 609, 611 (8th Cir.1998), the court held that a defendant used physical force and committed abusive sexual contact by force in violation of 18 U.S.C. § 2241(a)(1) when the evidence indicated that the victim attempted to push the defendant away and the defendant physically restrained the victim by lying on top of her at the same time he was having sexual intercourse with her. According to the court, the statutory language did not require force that prevents the victim's escape. Rather, it required the use of force sufficient to restrain the victim and allow the actor to engage in sexual contact.

The court in *Commonwealth v. Riley,* 434 Pa.Super. 414, 418, 643 A.2d 1090, 1092 (1994), reached a similar conclusion. There, the evidence showed that the victim did not consent to sexual intercourse with the defendant and that, despite the lack of consent, the defendant laid on top of the victim, pinned her down with his body weight, and sexually penetrated her. The court held it was clear that the defendant's actions constituted forcible compulsion, which is "an act, including physical force ... used to compel a person to engage in sexual intercourse against that person's will." *Id.* at 417, 643 A.2d at 1091.

Hence, we conclude that the trial court's ruling was based on an erroneous conclusion of law. Accordingly, we must review the record to determine whether the evidence here, when viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that defendant sexually assaulted J.W. or D.M. through the application of physical force. *See Beck,* 187 P.3d at 1128.

### A. J.W.

■ The evidence adduced at the preliminary hearing showed that J.W. awoke to defendant having sex with her and tried to escape the alleged assault. She told defendant to stop, but he did not acknowledge her. She tried to push defendant off, but she was unable to do so. J.W. was able to get up only after defendant "eventually got off her."

This evidence, taken in the light most favorable to the prosecution, is sufficient to support a reasonable inference that defendant caused submission of J.W. through the actual application of physical force or physi-

cal violence in violation of section 18–3–402(4)(a).

Accordingly, we reverse the trial court's order reducing the class three felony charge in count one to a class four felony charge and dismissing count two, and remand the case to the trial court to reinstate counts one and two as they were originally charged in the People's amended complaint.

### B. D.M.

■ The People also argue that they presented evidence establishing probable cause to believe that defendant applied physical force or physical violence during the alleged sexual assault of D.M. We disagree.

As a preliminary matter, we note that in their opening brief and during closing argument at the preliminary hearing, the People argued that defendant applied physical force or physical violence against D.M. in the same manner as he allegedly did against J.W.—by holding down D.M. with his body weight and preventing her from escaping the alleged assault.

Although the trial court entertained this argument before ruling that there was no evidence of extra force, the record reveals no evidence that defendant caused submission of D.M. by holding her down with his body weight. The prosecution's witness indicated only that when D.M. woke up to defendant lying on top of her and having sex with her, she was able to get up and escape the alleged assault. Therefore, there is insufficient evidence to establish probable cause to believe that when defendant was lying on top of D.M. he caused submission through the actual application of physical force or physical violence.

The People also presented evidence attempting to prove that defendant caused D.M. to submit to the alleged sexual assault when he allegedly bruised D.M.'s elbow and scratched her forearm. The trial court determined that the evidence was not sufficient to establish probable cause to believe that defendant caused these injuries to D.M. Because this determination was not based on an erroneous conclusion of law, we review the court's finding for an abuse of discretion.

*Beck*, 187 P.3d at 1127 (discussing appropriate standard of review under *People v. Waggoner*, 199 Colo. 450, 451, 610 P.2d 106, 106–07 (1980), and *People v. Hall*, 999 P.2d 207, 221 (Colo.2000)).

■ Probable cause at a preliminary hearing may be established by circumstantial evidence and the reasonable inferences that may be drawn from that evidence. *People v. Fisher*, 759 P.2d 33, 38 (Colo.1988). A preliminary hearing serves the limited purpose of determining if there is probable cause to believe that an offense has been committed and that the defendant committed it. *People v. Dist. Court*, 926 P.2d 567, 570 (Colo.1996).

■ It is unnecessary for the prosecution to show beyond a reasonable doubt that the defendant committed the crime, or even the probability of the defendant's conviction. *Id.* Instead, the trial court is obligated at the preliminary hearing to view the evidence in the light most favorable to the prosecution. *Id.* The prosecution, therefore, is accorded latitude at the preliminary hearing to establish probable cause that the defendant committed the crimes charged. *Id.*

Here, the investigating officer testified that when he asked D.M. whether she received any injuries as a result of the alleged sexual assault by defendant, she stated that "she received a bruise on her elbow and scratch on her arm." When asked on cross-examination whether D.M. told him that defendant caused the bruise or scratch, the officer answered, "no."

Although D.M.'s statement that "she received" the injuries as a result of the assault is sufficient to permit an inference that the injuries occurred during the encounter, we conclude that this evidence is not sufficient to support a reasonable inference, even when viewed in the light most favorable to the prosecution, that defendant caused the injuries and, by the actual application of physical force or physical violence, caused D.M. to submit to the alleged sexual assault. Therefore, we conclude that the trial court did not abuse its discretion in reducing count four and dismissing count five, and accordingly, we affirm its order.

## IV. Sexual Intrusion or Sexual Penetration

■ The People contend that the trial court erred in dismissing counts seven, eight, and nine concerning the alleged sexual assault on B.I. because the prosecution failed to show probable cause for the "sexual intrusion or penetration" element of sexual assault under section 18–3–402(1), C.R.S.2008. We agree.

As stated above, we review only for an abuse of discretion when a trial court bases its rulings at a preliminary hearing on its review of the evidence and correct conclusions of law and legal standards. *Beck,* 187 P.3d at 1127.

Section 18–3–402(1) requires for a conviction of sexual assault that the "actor ... knowingly inflicts sexual intrusion or sexual penetration on a victim."

In dismissing counts seven, eight, and nine, the trial court found that because B.I. did "not say she had sex ... there is no physical evidence ... that sexual penetration or sexual intrusion occurred." The court also found that defendant's admission that he "hooked up with [B.I.]" does not mean he sexually penetrated or sexually intruded upon B.I. Therefore, the court concluded that even viewed in the light most favorable to the prosecution, the evidence presented by the People did not establish sexual penetration or sexual intrusion.

Here, the evidence presented tended to show that (1) B.I. was too intoxicated to know whether she had sex with defendant; (2) the morning following the alleged sexual assault, B.I. woke up in a t-shirt, bra, and panties; (3) B.I. stated that defendant confessed to her that "something" did happen between them; (4) defendant stated that he "hooked up" with B.I. after she had either blacked out or passed out, because he liked her; (5) after the alleged encounter took place, B.I. stated that she never wanted to have sex with defendant; and (6) defendant allegedly has previously engaged in sexually offensive behavior toward intoxicated or unconscious women.

Again, at a preliminary hearing, the prosecution need not prove defendant's guilt beyond a reasonable doubt. Because all reasonable inferences must be drawn in favor of the prosecution at a preliminary hearing, we conclude that, when viewed as a whole and in the light most favorable to the prosecution, and drawing all reasonable inferences in favor of the prosecution, this evidence and the inferences that may reasonably be drawn therefrom are sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that defendant caused sexual penetration or sexual intrusion to B.I.

Accordingly, we conclude that the trial court abused its discretion in finding that "even in the light most favorable to the prosecution" there was no evidence that defendant sexually assaulted B.I.

Therefore, we reverse the trial court's order dismissing counts seven, eight, and nine and remand the case to the court to reinstate them as originally charged in the People's amended complaint.

## V. Conclusion

The trial court's order reducing count four and dismissing count five is affirmed. The trial court's order reducing count one and dismissing counts two, seven, eight, and nine is reversed, and the case is remanded to the trial court to reinstate these counts against defendant as originally charged in the People's amended complaint and bind over these counts for trial.

Judge CARPARELLI and Judge TERRY concur.