2017 CO 7

**The PEOPLE of the State of Colorado, Petitioner/Cross-Respondent,**

v.

**Daniela MOLINA, Respondent/Cross-Petitioner.**

**Supreme Court Case No. 14SC498**

Supreme Court of Colorado.

February 6, 2017

Attorneys for Petitioner/Cross-Respondent: Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant Attorney General, Denver, Colorado

Attorneys for Respondent/Cross-Petitioner: Douglas K. Wilson, Public Defender, Anne T. Amicarella, Deputy Public Defender, Denver, Colorado

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶1 This case comes to us on certiorari review of the court of appeals' unpublished opinion, People v. Molina, No. 11CA1650, 2014 WL 2770132 (Colo. App. June 19, 2014).

In this case, a jury convicted Daniela Molina of two counts of identity theft and three counts of forgery. We granted certiorari to resolve three issues: (1) whether the People must show that Molina knew she stole another person's information; (2) whether there was sufficient evidence that Molina knew she stole a real person's information; and (3) whether an apartment lease and employment qualify under the identity theft statute as "thing[s] of value." We answer all three questions in the affirmative. Therefore, we affirm in part and reverse in part the court of appeals and remand this case for proceedings consistent with this opinion.

## I. Facts and Procedural History

¶2 The defendant in this case, Daniela Molina, used the last name and social security number (SSN) of another person, D.K., to obtain an apartment lease and employment.[1] A jury later convicted Molina of two counts of identity theft and three counts of forgery.

¶3 Molina appealed to the court of appeals, arguing that there was insufficient evidence to prove all the elements of identity theft and forgery. The court of appeals (1) held that the People were required to prove that Molina knew she had stolen the information of a real person; (2) held that there was insufficient evidence that Molina knew the last name and SSN she used belonged to a real person; (3) vacated her identity theft convictions; and (4) affirmed her forgery convictions. Molina, slip op. at 8–9.

¶4 The court of appeals declined to reach Molina's argument that the term "thing of value" in the identity theft statute only pertained to items with pecuniary value and therefore neither employment nor an apartment lease were "thing[s] of value." Id. at 9. The People and Molina both sought certiorari, which we granted.

## II. Analysis

**A. To convict a defendant of identity theft, the People must show that the defendant knew the information belonged to another person.**

¶5 The People argue that we incorrectly decided People v. Perez, 2016 CO 12, ¶ 33,

---

1. Due to the factual nature of these claims, we will discuss more specific facts in the analysis.

367 P.3d 695, 702, when we held that, in order to prove identity theft, the People must show that the defendant knowingly used the identifying information of another person. Disagreeing with the People, we affirm the court of appeals' opinion on this issue.

¶6 Under section 18-5-902(1)(a), C.R.S. (2016), a person commits identity theft if he or she "[k]nowingly uses the personal identifying information, financial identifying information, or financial device of another without permission or lawful authority with the intent to obtain cash, credit, property, services, or any other thing of value or to make a financial payment. . . ." Under section 18-1-503(4), C.R.S. (2016), when a criminal statute prescribes a specified culpable mental state as an element, "that element is deemed to apply to every element of the offense unless an intent to limit its application clearly appears."

■ ¶7 Therefore, as we correctly held in Perez, in order to convict a defendant of identity theft under section 18-5-902(1)(a), "the prosecution must prove that an offender knowingly used personal identifying information and knew that the information belonged to another person." Perez, ¶ 22, 367 P.3d at 700. Thus we affirm the court of appeals' holding that the People must prove that an identity theft defendant knew the information he or she falsely used belonged to a real person.

### B. Adequate evidence supported Molina's conviction.

■ ¶8 The People also argue that we should reverse the court of appeals' holding that there was insufficient evidence to convict Molina of identity theft. Specifically, the court of appeals concluded that there was insufficient evidence that Molina knew the stolen information she used belonged to another person. Molina, slip op. at 8. But we agree with the People that there was sufficient evidence and therefore reverse.

■ ¶9 "We review the record de novo to determine whether the evidence before the jury was sufficient both in quantity and quality to sustain the defendant's conviction." Clark v. People, 232 P.3d 1287, 1291 (Colo.

2010). In reviewing the sufficiency of the evidence, we employ a "substantial evidence test," which considers "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." Id. (quoting People v. Bennett, 183 Colo. 125, 515 P.2d 466, 469 (1973)). "The pertinent question is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

¶10 This case is very similar to Perez, in which the defendant (Perez) was convicted of identity theft after he had used another person's SSN for five years to obtain employment at six restaurants. Perez, ¶ 2–3, 367 P.3d at 696. Perez argued that, without sufficient evidence that he knew the SSN belonged to a real person, his conviction could not stand. Id. at ¶ 6, 367 P.3d at 697. The court of appeals agreed and, finding insufficient evidence on that point, reversed the trial court. Id. We affirmed the court of appeals' legal conclusion that the statute required evidence that Perez knew the SSN belonged to another person. Id. at ¶ 22, 367 P.3d at 700. However, we reversed the court of appeals' ultimate conclusion because we found that there was ample evidence to support Perez's conviction. Id. at ¶ 34, 367 P.3d at 702.

¶11 We determined that two pieces of circumstantial evidence were enough to show that Perez knew he had stolen a real person's identity. First, it was reasonable for a juror to infer that Perez "knew that the tax withholdings from his paycheck were going into someone's account, since they were neither flagged nor returned after several years." Id. at ¶ 27, 367 P.3d at 701. Second, we acknowledged that "a reasonable jury could have concluded that Perez knew the [SSN] belonged to an actual person because he had repeatedly tested the number with numerous employers over the course of several years." Id. at ¶ 30, 367 P.3d at 702. Both of these inferences are present in Molina's case.

¶12 First, the record demonstrates that Molina used D.K.'s information over a period of years in which tax withholdings went into someone's social security account. Molina would have known that the social security account belonged to a real person because the withholdings were not flagged or returned. Second, the record demonstrates that Molina successfully tested D.K.'s information at three different places of employment (Chipotle, Rumbi's, and Wendy's) and to rent an apartment.

¶13 Additionally, beyond the facts of Perez, Molina not only used D.K.'s information—she used a false last name that matched that of D.K.'s. This evidence further underscores that Molina was aware she had stolen a real person's identity. ¶14 Therefore, we reverse the court of appeals' holding that there was insufficient evidence to convict Molina of identity theft.

### C. A job and an apartment are both "thing[s] of value."

¶15 Molina argues that she cannot be guilty of identity theft because, under the analysis in People v. Beck, 187 P.3d 1125 (Colo. App. 2008), neither an apartment lease nor employment is a "thing of value." However, because Beck interpreted "thing of value" more narrowly than the statute requires, we disagree with Molina and hold that she was guilty of identity theft.

¶16 Section 18-1-901(1), C.R.S. (2016), defines terms used in Colorado criminal statutes—including "thing of value"—and states that its definitions shall apply "wherever the same term is used in the same sense in another section of this title unless the definition is specifically limited or the context indicates that it is inapplicable." The identity theft statute, section 18-5-902(1)(a), states that, in order to commit identity theft, a defendant must have sought "cash, credit, property, services, or any other thing of value or to make a financial payment[.]" Section 18-5-902(1)(a) does not "specifically limit[ ]" the definition of "thing of value" nor does it indicate that section 18-1-901(1)'s definitions are inapplicable. Therefore, the definition of "thing of value" from section 18-1-901(1)(r) applies to section 18-5-902(1)(a). In turn, section 18-1-901(1)(r) defines "thing of value" as "real property, tangible and intangible personal property, contract rights, choses in action, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith."

¶17 The court of appeals in Beck concluded that section 18-1-901's definitions did not apply to the identity theft statute because it "does not explicitly incorporate the definition" found in section 18-1-901. 187 P.3d at 1128. However, as noted above, that is not what section 18-1-901 requires. Instead, the statute presumes that its definitions apply and any intent to the contrary must be clear. Section 18-5-902(1) contains no indications that section 18-1-901's definitions do not apply. Therefore, to the extent that Beck held that section 18-1-901's definitions do not apply to section 18-5-902(1), Beck is overruled.

¶18 Here, Molina sought to obtain employment and an apartment lease. Employment is a "contract right[ ]," and an apartment lease is both a "contract right[ ]" and a "right[ ] of use" of "real property." See § 18-1-901(1)(r). Therefore, Molina sought to obtain "thing[s] of value" and is guilty of identity theft.

### III. Conclusion

¶19 For the foregoing reasons, we affirm the court of appeals' opinion that the People were required to prove that Molina knew she used another person's information. We reverse the court of appeals' opinion that there was insufficient evidence to support this finding. We also hold that the statutory definition of "thing of value" in section 18-5-902(1)(a) includes the definition of "thing of value" from section 18-1-901(1)(r). Finally, we remand this case for proceedings consistent with this opinion.