The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 5, 2026

## 2026COA9

**No. 24CA0540, *People v. Valdez* — Crimes — Sexual Assault — Submission Through Actual Application of Physical Force**

A division of the court of appeals determines, for the first time in a published Colorado appellate case, the meaning of the phrase "causes submission of the victim through the actual application of physical force," as provided in section 18-3-402(4)(a), C.R.S. 2025.

COLORADO COURT OF APPEALS                                   **2026COA9**

---

Court of Appeals No. 24CA0540
Weld County District Court No. 22CR1526
Honorable Marcelo A. Kopcow, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ricardo Valdez,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE TOW
Lipinsky and Taubman*, JJ., concur

Announced March 5, 2026

---

Philip J. Weiser, Attorney General, Jacey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Gehring, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Ricardo Valdez, appeals the judgment of conviction entered on jury verdicts finding him guilty of three felonies after he plied a teenage girl with alcohol and sexually assaulted her.  This appeal requires us to determine, for the first time in a published Colorado appellate case, the meaning of the phrase "causes submission of the victim through the actual application of physical force," as provided in section 18-3-402(4)(a), C.R.S. 2025.  Because we conclude that the evidence at trial was sufficient to demonstrate that Valdez caused submission of the victim by the application of physical force, we affirm.

## I.     Background

¶ 2     The jury heard evidence from which it could reasonably have found the following.

¶ 3     The victim, K.E. — who was fifteen years old at the time — was living with her father and two roommates, one of whom was Valdez.  Valdez — who was forty-one years old — and the other roommate used separate bedrooms in the basement.

¶ 4     One day, Valdez had been entrusted with looking after K.E. while her father was out of town.  That evening, Valdez gave K.E. alcohol while they watched a movie in the living room, and K.E.

1

soon became intoxicated. Eventually, Valdez and K.E. went to Valdez's bedroom.

¶ 5    Valdez told K.E. to sit down on his bed, and she lay down on the bed near the headboard. Valdez put his finger in K.E.'s vagina and then went to put on a condom. When he returned, Valdez told K.E. to "scoot down" — i.e., to move away from the headboard. She did not move, so he "scooted [her] down" the bed. Valdez then sexually penetrated K.E. During the assault, Valdez was on top of K.E., with his chest and stomach touching her chest and stomach. Afterward, Valdez got K.E. dressed and helped her to her bedroom. A few days later, K.E. disclosed the incident to her father and to a family friend. K.E.'s father called the police.

¶ 6    The State charged Valdez with three offenses: (1) sexual assault (ten-year age difference) with a sentence enhancer that he caused K.E.'s submission through physical force or physical violence; (2) sexual assault on a child by one in a position of trust; and (3) contributing to the delinquency of a minor. At trial, Valdez admitted to sexually assaulting K.E. but argued that he did not cause her submission through the actual application of physical force and that he was not in a position of trust with respect to her.

2

The jury rejected these arguments and found him guilty as charged. The trial court sentenced Valdez to a controlling sentence of eighteen years to life in the custody of the Department of Corrections.[1]

### II. Legal Authority and Standard of Review

¶ 7    As relevant here, a person commits sexual assault if they "knowingly inflict[] sexual intrusion or sexual penetration on a victim," and, "[a]t the time of the commission of the act, the victim is at least fifteen years of age but less than seventeen years of age and the actor is at least ten years older than the victim and is not the spouse of the victim." § 18-3-402(1)(e).  Sexual assault under this provision is a class 6 felony, but it is a class 3 felony if the person "cause[d] submission of the victim through the actual application of physical force or physical violence." § 18-3-402(3), (4)(a).

---

[1] Specifically, the court sentenced Valdez to concurrent indeterminate sentences of eighteen years to life for the sexual assault (ten-year age difference) conviction and twelve years to life for the sexual assault by one in a position of trust conviction, and a concurrent determinate sentence of one year for the contributing to the delinquency of a minor charge.

¶ 8     When considering a sufficiency of the evidence claim, "[w]e review the record de novo to determine whether the evidence before the jury was sufficient both in quantity and quality to sustain the defendant's conviction." *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010). In doing so, we employ the substantial evidence test, considering "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *People v. Bennett*, 515 P.2d 466, 469 (Colo. 1973)). We "may not serve as a thirteenth juror and consider whether [we] might have reached a different conclusion than the jury." *People v. Harrison*, 2020 CO 57, ¶ 33.

### III.   Analysis

¶ 9     Valdez contends that the prosecution did not present sufficient evidence to prove that he caused K.E.'s submission through the actual application of physical force. We disagree.

¶ 10    Initially, we note that, at trial, the prosecutor argued that two of Valdez's actions qualified as applying the requisite force:

(1) "scoot[ing]" K.E. down the bed and (2) placing his body weight on K.E. during the assault and applying sufficient force to accomplish the sexual penetration. Valdez argues that the latter cannot be sufficient because there was no indication that he used his body weight to prevent K.E. from escaping. *Cf. People v. Keene*, 226 P.3d 1140, 1143-44 (Colo. App. 2009) (holding that a defendant's use of his body weight to prevent a victim from escaping can support an inference of sufficient force). He contends that the People must prove something more than the mere force inherently necessary to accomplish sexual penetration. But we instead focus — as do the People on appeal — on whether Valdez's act of moving K.E. to the edge of the bed constituted (1) the application of physical force that (2) caused K.E.'s submission. Valdez argues it did neither. We conclude that it did both.

## A. Physical Force

¶ 11 The sexual assault statute does not define "force." One thing, however, is clear: contrary to Valdez's apparent position, it does not require evidence that Valdez "grab[bed], carr[ied], hit, or choke[d] [K.E.]" or that K.E. suffered injuries. The force applied does not have to rise to the level of full-blown violence because the statute is

5

written in the disjunctive — elevating the level of felony offense if there is proof of "physical force *or* physical violence." § 18-3-402(4)(a) (emphasis added); *see Armintrout v. People*, 864 P.2d 576, 581 (Colo. 1993) ("[W]hen the word 'or' is used in a statute, it is presumed to be used in the disjunctive sense, unless legislative intent is clearly to the contrary."); *People v. Valenzuela*, 216 P.3d 588, 592 (Colo. 2009) ("Use of the word 'or' is ordinarily 'assumed to demarcate different categories.'" (quoting *Garcia v. United States*, 469 U.S. 70, 72 (1984))).

¶ 12    As to what constitutes "physical force," notwithstanding the lack of a statutory definition, we are not writing on a blank slate. Divisions of this court have held that, in the context of sexual assault, "physical force" simply means "force applied to the body." *E.g.*, *Keene*, 226 P.3d at 1143.  Moreover, "'[f]orce' is understood as a common term." *People v. Garcia*, 2017 COA 1, ¶ 31, *aff'd*, 2019 CO 64.  And force commonly means "strength or energy exerted or brought to bear"; "cause of motion or change"; or "active power." Merriam-Webster Dictionary, https://perma.cc/67W6-76XV.

¶ 13    Here, there was evidence that Valdez exerted energy against K.E.'s body and caused it to move or change location.  K.E. was

initially at the head of the bed and was then relocated closer to the edge of the bed. She did not move herself; rather, Valdez "scooted" her down the bed.

¶ 14    Thus, the evidence was sufficient to establish that Valdez applied physical force to K.E.'s body.

### B.    Cause Submission

¶ 15    "Cause submission" is also an undefined term in the sexual assault statute. Moreover, Valdez does not cite — and we are not aware of — any case clearly defining the phrase as used in section 18-3-402(4)(a). Indeed, Valdez makes no attempt to define the phrase.

¶ 16    Notwithstanding the lack of an explicit definition, we find guidance in the case law. For example, the Colorado Supreme Court has discussed the meaning of the phrase in the context of a different, subsequently amended portion of the statute. Until a recent statutory amendment, the sexual assault statute provided that a defendant could commit sexual assault "by means of sufficient consequence reasonably calculated to cause submission

7

against the victim's will." § 18-3-402(1)(a), C.R.S. 2021.[2]  The

supreme court observed that this phrase "clearly implies that the

actor must be aware that his or her conduct is sufficient in

character and degree to be likely to cause nonconsensual

submission."  *Garcia*, 2019 CO 64, ¶ 25 (quoting *People v. Smith,*

638 P.2d 1, 5 n.7 (Colo. 1981)); *see also People v. Everett,* 250 P.3d

649, 655 (Colo. App. 2010) (characterizing the language in *Smith* as

saying that "the phrase 'cause submission' implies that the victim

does not consent to sexual relations").

¶ 17     While the concept of causing submission is no longer found in

section 18-3-402(1)(a), we see no reason why these cases would not

inform the meaning of the concept where it is still found — in

section 18-3-402(4)(a).  Thus, we conclude that the phrase "causes

submission" in the sentence enhancer language found in

section 18-3-402(4)(a) connotes the means by which the defendant

---

[2] The General Assembly amended this paragraph in 2022, eliminating the "means of sufficient consequence reasonably calculated to cause submission against the victim's will" language and providing instead that sexual assault occurs when "[t]he actor causes sexual intrusion or sexual penetration knowing the victim does not consent."  Ch. 41, sec. 1, § 18-3-402(1)(a), 2022 Colo. Sess. Laws 214.

effectuates the sexual assault. To be clear, we do not mean to suggest that "causes submission" means merely facilitating the sexual penetration or sexual intrusion. Rather, in our view, it refers to the means by which the defendant accomplishes the nonconsensual or assaultive nature of the sexual act. *See Smith*, 638 P.2d at 5 n.7.

¶ 18 The prosecution presented evidence that K.E. clearly expressed to Valdez that she did not want to have sex with him. She then placed herself at the top of the bed near the headboard. And she did not move away from the headboard and down the bed when Valdez told her to do so. Notwithstanding K.E.'s expressed wishes and her evident lack of cooperation, Valdez moved her down the bed so that he could accomplish the assault.

¶ 19 Thus, drawing all reasonable inferences in favor of the prosecution, *Clark*, 232 P.3d at 1291, we conclude that there was sufficient evidence to support the jury's finding that Valdez caused K.E.'s submission by the actual application of physical force.

### IV. Disposition

¶ 20 The judgment of conviction is affirmed.

JUDGE LIPINSKY and JUDGE TAUBMAN concur.

9