25CA1314 Peo v Jensen 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1314
Garfield County District Court No. 24CR5022
Honorable Denise Lynch, Judge

---

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Brandon D. Jensen,

Defendant-Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE TOW
Lipinsky and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Benjamin Sollars, District Attorney, Reede Neutze, Deputy District Attorney, Glenwood Springs, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Laura Mahler Wakefield, Deputy State Public Defender, Glenwood Springs, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    The People appeal the district court's order dismissing the fourth degree arson charge against defendant, Brandon D. Jensen. We reverse and remand with directions.

## I.    Background

¶ 2    While responding to a call for a brush fire, Deputy Josh Wilson interviewed several bystanders who reported a man and a woman setting off fireworks in the front yard of a single-family home. Tiana Thomas, the owner of the residence, initially denied knowing how the fire started. She also claimed that she was the only person at the house when the fire started. The police searched Thomas's residence after obtaining a warrant, during which they found fireworks in Thomas's car (which was in the garage) and Jensen hiding in a closet under a blanket.

¶ 3    The prosecution charged Jensen with fourth degree arson, two counts of criminal mischief, and unlawful use of fireworks. Jensen moved for a preliminary hearing on the arson charge.

¶ 4    At the preliminary hearing, Deputy Wilson testified that his search of Thomas's backyard revealed an empty gas can, a butane lighter torch, and little pieces of cardboard fireworks. Deputy Wilson also testified that Jensen admitted "to discharging a Roman

candle firework with Ms. Thomas," that Jensen said he "observed smoke shortly after discharging that firework," and that he said "he tried to put that fire out." Deputy Wilson further testified that a neighbor's video showed a man and a woman running from the front yard to the backyard when the fire started.

¶ 5    Lieutenant Brent Baker responded to the call at Thomas's residence. He testified that he found a Roman candle under the deck in the backyard and pieces of a mortar firework surrounding the deck.

¶ 6    Deputy Matthew Graham helped execute the search warrant at Thomas's residence. Deputy Graham testified that he found "[c]ardboard pieces of what appeared to be a mortar" on the lawn in the backyard and "on the back patio a Roman Candle."

¶ 7    Thomas testified that she shot off a Roman candle in the front yard. And she said that, while Jensen was in the front yard mowing the lawn, she was in her backyard and set off the mortar firework that started the fire. Further, Thomas testified that she and Jensen attempted to put out the fire with a water hose and then a fire extinguisher.

¶ 8     Following the preliminary hearing, the trial court issued a written order in which it noted that the evidence showed that (1) the fire started in the backyard of Thomas's residence; (2) Jensen and Thomas shot off fireworks in the front of the house; (3) Thomas shot off a mortar from the deck in the back of the house; and (4) Jensen was at the front of the house mowing the lawn. The court found that "[t]here [was] no evidence putting [Jensen] at the back of the house and lighting off fireworks" and concluded that the People failed to show probable cause that Jensen committed fourth degree arson.

## II.     Fourth Degree Arson

¶ 9     The People contend that the district court improperly dismissed the fourth degree arson charge. We agree.

### A.     Standard of Review and Applicable Law

¶ 10    "When a trial court bases its ruling at a preliminary hearing on its review of the evidence and correct conclusions of law and legal standards, we review only for an abuse of discretion." *People v. Keene*, 226 P.3d 1140, 1142 (Colo. App. 2009). But we first must determine whether the trial court applied the proper legal standard. *Id.* If the court applied the wrong legal standard, "we review the

record to determine whether the evidence, viewed in the light most favorable to the prosecution, would induce a reasonably prudent and cautious person to entertain the belief that the defendant committed the crimes charged." *Id.*

¶ 11     A defendant accused of a class 1, 2, or 3 felony has the right to demand and receive a preliminary hearing to determine whether probable cause exists to believe that the defendant committed the charged offense. § 16-5-301(1)(a), C.R.S. 2025. To establish probable cause, the prosecution must "present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime" charged. *People v. Dist. Ct.*, 803 P.2d 193, 196 (Colo. 1990). "[P]robable cause is a low standard . . . ." *People v. Fry*, 92 P.3d 970, 977 (Colo. 2004). "The prosecution does not have to establish beyond a reasonable doubt that the defendant committed the crime . . . ." *People v. Hall*, 999 P.2d 207, 221 (Colo. 2000). And the district court "must view all evidence and draw all inferences in favor of the prosecution, and the court must not accept the defendant's version of the facts over the legitimate inferences that can be drawn from the prosecution's evidence." *Id.*; *see also Keene*, 226 P.3d at 1144

("Probable cause at a preliminary hearing may be established by circumstantial evidence and the reasonable inferences that may be drawn from that evidence."). This includes resolving all conflicts in evidence in favor of the prosecution. *People v. Scott*, 785 P.2d 931, 933 (Colo. 1990).

¶ 12 A person commits fourth degree arson when they (1) knowingly or recklessly (2) start or maintain a fire or cause an explosion (3) on their own property or that of another (4) and by doing so place any building or occupied structure of another in danger of damage. § 18-4-105(1), C.R.S. 2025. Fourth degree arson is a class 3 felony if "only property is . . . endangered and the value of the property is one hundred thousand dollars or more but less than one million dollars." § 18-4-105(3)(g).

## B. Analysis

¶ 13 First, we must determine the applicable standard of review. The People argue that we should review the district court's conclusion de novo because it erroneously applied the law when it engaged in a balancing test to weigh the credibility of Thomas's testimony against Jensen's statements at the scene, and the court resolved the conflicts in the witnesses' statements against the

5

prosecution. Jensen counters that the district court "never engaged in such an improper balancing act nor were there any conflicts in testimony" and that we should review its decision for an abuse of discretion. We agree with the People.

¶ 14    In its written order, the trial court correctly articulated the standards applicable to a probable cause determination, including the requirements that the evidence be viewed in the light most favorable to the prosecution and that all inferences be resolved in the prosecution's favor. It also correctly stated the elements required for fourth degree arson.

¶ 15    But the trial court's conclusion that Jensen did not start the fire rested on its erroneous acceptance of Jensen's version of the facts (as told by Thomas) over the legitimate inferences that could otherwise be drawn from the prosecution's evidence. *See Hall*, 999 P.2d at 221; *cf. People v. Collins*, 32 P.3d 636, 640 (Colo. App. 2001) (reviewing preliminary hearing decision for abuse of discretion because the court "resolve[d all] conflicts in the evidence in favor of the prosecution"). And while Jensen correctly notes that nothing *in the district court's written order* indicates that the court weighed the witnesses' credibility, we cannot ignore that, at the conclusion of

the hearing, the court explicitly observed that she found Thomas's testimony "credible." Absent finding a witness's testimony to be incredible as a matter of law, a judge cannot make such credibility determinations during a preliminary hearing. *Fry*, 92 P.3d at 977.

¶ 16    Moreover, the court did not draw all reasonable inferences in favor of the People. *See Keene*, 226 P.3d at 1144. At the hearing, the People offered ample evidence that would support a reasonable inference that Jensen started the fire:

- Deputy Wilson testified that Jensen admitted to discharging a Roman candle and, shortly thereafter, observed smoke.

- Deputy Wilson testified that Roman candles "shoot up into the air" and "shoot out."

- Multiple witnesses testified that they saw a man and a woman lighting fireworks in the front yard.

- One neighbor provided Deputy Wilson with a video showing a man and a woman running from the front yard to the backyard "right when the fire started."

- While investigating the fire, police found Jensen hiding in a closet under a blanket.[1]

¶ 17    Yet the district court did not draw from this evidence an inference that Jensen started the fire in the backyard by shooting off airborne fireworks in the front yard.  Instead, the court isolated the question to whether the evidence supported an inference that Jensen shot off fireworks in the backyard.[2]  Thus, it appears that the district court did not apply the proper legal analysis.  *See Hall*, 999 P.2d at 221.  We must then ask whether the prosecution presented sufficient evidence to show that Jensen knowingly or recklessly started the fire in the backyard when he set off a Roman candle in the front yard.

---

[1] Of course, Jensen may have been hiding for reasons other than that he was guilty of starting the fire.  For example, Thomas testified that Jensen was hiding because he was not supposed to be in Colorado.  Nevertheless, Jensen's consciousness of guilt and desire to avoid apprehension for starting the fire is *one* reasonable inference that can be drawn from the fact that he hid.

[2] We acknowledge that some of the prosecutor's arguments seemed to seek an inference that Jensen was in the backyard.  But particularly in light of the fact that Roman candles shoot flaming projectiles into the air, such an inference is not essential to whether there was probable cause to believe that Jensen may have started the fire.

¶ 18    We conclude that the evidence supports a reasonable inference that, when Jensen set off a Roman candle in the front yard, the firework went into the air, landed in the backyard, and started the fire.  Consequently, we conclude that the evidence was sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that Jensen knowingly or recklessly started the fire.  *See Dist. Ct.*, 803 P.2d at 196.  The district court thus erred by dismissing the charge.

## III.    Disposition

¶ 19    The order is reversed.  The case is remanded with directions to reinstate the charge for fourth degree arson for further proceedings.

JUDGE LIPINSKY and JUDGE BERGER concur.